UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WENDY GARAGIOLA,

    Plaintiff,

v.                                  CASE NO:
                                   HON:

CITY OF BRIGHTON, LIVINGSTON COUNTY,
MILLER, and SELL
in their individual and official capacities,

    Defendants.
_____/
CHRISTOPHER TRAINOR & ASSOCIATES
BY: CHRISTOPHER J. TRAINOR (P42449)
Attorney for Plaintiffs
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
_____/

**COMPLAINT AND JURY DEMAND**

     **NOW COMES** Plaintiff, **WENDY GARAGIOLA**, by and through her attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for her Complaint against the above-named Defendants states as follows:

1. Plaintiff is a resident of the City of Howell, County of Livingston, State of Michigan.

2. Defendant CITY OF BRIGHTON is a municipal corporation and governmental subdivision organized and existing under the laws of the State of Michigan.

3. Defendant LIVINGSTON COUNTY is a municipal corporation and governmental subdivision organized and existing under the laws of the State of Michigan.

4. That Defendant MILLER is and/or was a police officer employed by Brighton City Police Department and was acting under color of law and within the course and scope of his employment at all times mentioned herein.

5. That Defendant SELL is and/or was a police officer employed by Livingston County Sheriff Department and was acting under color of law and within the course and scope of his employment at all times mentioned herein.

6. That Defendants MILLER and SELL were acting in their individual and official capacities at all times mentioned herein.

7. All relevant events giving rise to this lawsuit occurred in the County of Livingston, State of Michigan.

8. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 [federal question], 28 U.S.C. § 1343 [civil rights].

9. That this lawsuit arises out of Defendants' violation of Plaintiff's federal constitutional rights as secured by the Fourth and Fourteenth Amendments of the United States Constitution and consequently, the Plaintiff has a viable claim for damages under 42 U.S.C. § 1983 as well as claims under state law.

10. That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) not including interest, costs, and attorney fees.

## FACTS

11. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

12. On or about September 21, 2005, Plaintiff, along with passenger Robert Ross, were traveling eastbound on I-96 toward Detroit, Michigan when they were stopped by Defendant SELL for speeding in a construction zone.

13. Defendant SELL approached Plaintiff's vehicle and ordered her to exit the vehicle in which Plaintiff fully complied.

14. Defendant SELL instructed Plaintiff to place her hands behind her back in which Plaintiff asked him if he could wait a minute in order for Plaintiff to remove items from her pocket.

15. Defendant SELL forcefully pushed Plaintiff to the ground and stepped on her glasses causing them to break.

16. Defendant SELL then kneed Plaintiff in the back of the neck while he took his other knee and grinded it into Plaintiff's back several times.

17. While Plaintiff was putting her hands behind her back, Defendant MILLER arrived on the scene.

18. Defendant SELL then handcuffed Plaintiff and pulled her up from the ground.

19. As Plaintiff was fully handcuffed and being pulled up by Defendant SELL, Defendant MILLER forcefully grabbed Plaintiff's right wrist with both of his hands, snapped it, and stated to Plaintiff "that's what you get."

20. Defendant SELL heard Plaintiff's wrist snap in which Plaintiff immediately yelled that Officer MILLER had just broken her wrist.

21. After Plaintiff was placed into the squad car, she begged Defendant SELL to call an ambulance because of the pain in her wrist.

22. Livingston County EMS arrived on the scene and evaluated Plaintiff's wrist.

23. EMS determined that Plaintiff's wrist was fractured and that Plaintiff should be transported to Saint Joseph Mercy Livingston Hospital for immediate medical attention.

24. Plaintiff was then transported to Saint Joseph Mercy Livingston Hospital by Defendant SELL where she was diagnosed with a fracture to her right wrist.

25. Plaintiff was subsequently transferred to the Livingston County Jail.

26. Defendants' illegal and excessive use of force caused severe injuries to Plaintiff.

## COUNT I
## VIOLATION OF THE FOURTH AMENDMENT
## 42 U.S.C. § 1983 EXCESSIVE FORCE

27. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

28. That Defendants were at all times acting under color of law and within the course and scope of their employment.

29. As a result of the conduct complained of herein, Plaintiff suffered deprivation of clearly established rights protected and secured by the Fourth and Fourteenth Amendments to the United States Constitution and by other laws, including but not limited to, the right to be free from a deprivation of liberty, property, bodily security and integrity without due process of law, and the right to be free from unreasonable searches and seizures.

30. That Defendant SELL violated Plaintiff's clearly established and federally protected rights by using excessive physical force against her when he forcefully threw Plaintiff to the ground and continued to knee Plaintiff in the back and neck.

31. That Defendant MILLER violated Plaintiff's clearly established and federally protected rights by using excessive physical force against her when he forcefully grabbed Plaintiff's wrist and snapped it thereby causing Plaintiff to suffer a fractured wrist.

32. Defendants' acts were at all times intentional, objectively unreasonable, reckless, and/or grossly negligent, in violation of Plaintiff's clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution.

33. As a result of Defendants' violation/deprivation of Plaintiff's constitutional rights, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983 together with costs, interest and attorney fees pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

## COUNT II
## GROSS NEGLIGENCE

34. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

35. That Defendants had a duty to perform their employment activities so as not to endanger or cause harm to individuals.

5

36. Nevertheless, Defendants breached this duty by acting indifferently or grossly negligent without regard to Plaintiff's welfare.

37. That Defendants knew or should have known that by breaching these duties, harm would come to Plaintiff.

38. That according to MCL 691.1407(2), the breach of Defendants' duty to exercise reasonable care was reckless and amounts to gross negligence.

39. That as a direct and proximate result of Defendants' indifferent/grossly negligent acts and/or omissions, Plaintiff suffered damages.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars, exclusive of costs, interest, and attorney fees.

## COUNT III
## CITY OF BRIGHTON'S CONSTITUTIONAL VIOLATIONS

40. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

41. That the Fourth Amendment prohibition against unreasonable searches and seizures forbids police officers from imposing excessive physical force against citizens.

42. Defendant CITY OF BRIGHTON acted recklessly and/or with deliberate indifference when it practiced and/or permitted customs, practices, and/or policies which resulted in the violations of Plaintiff's constitutional rights complained of herein.

43. These customs, practices, and/or policies included, but were not limited to, the following:

a. Failing to adequately train and/or supervise its police officers so as to prevent violations of citizens' constitutional rights;

b. Failing to adequately train and/or supervise police officers regarding the proper use of force;

c. Failing to supervise, review, and/or discipline police officers whom Defendant CITY OF BRIGHTON knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging its police officers to engage in illegal conduct;

d. Failing to train its police officers in the proper policies and procedures for establishing probable cause to arrest and the proper policies and procedures for effectuating an arrest without the use of excessive force; and

e. Failing to supervise its police officers when making arrests so as to prevent the arrest of citizens without probable cause and without the use of unreasonable and unnecessary excessive force.

44. Defendant's conduct was so reckless so as to demonstrate a substantial lack of concern for whether an injury resulted.

45. Defendant's indifferent and/or omissions were the direct and proximate cause of Plaintiff's injuries.

46. The facts as set forth in the preceding paragraphs constitute a violation of Plaintiff's Fourth and Fourteenth Amendment rights and pursuant to 42 U.S.C. § 1983, Plaintiff has a viable claim for compensatory damages, costs, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

## COUNT IV
## LIVINGSTON COUNTY'S CONSTITUTIONAL VIOLATIONS

47. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

48. That the Fourth Amendment prohibition against unreasonable searches and seizures forbids police officers from imposing excessive physical force against citizens.

49. Defendant LIVINGSTON COUNTY acted recklessly and/or with deliberate indifference when it practiced and/or permitted customs, practices, and/or policies which resulted in the violations of Plaintiff's constitutional rights complained of herein.

50. These customs, practices, and/or policies included, but were not limited to, the following:

    a. Failing to adequately train and/or supervise its police officers so as to prevent violations of citizens' constitutional rights;

    b. Failing to adequately train and/or supervise police officers regarding the proper use of force;

    c. Failing to supervise, review, and/or discipline police officers whom Defendant LIVINGSTON COUNTY knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging its police officers to engage in illegal conduct;

    d.    Failing to train its police officers in the proper policies and procedures for establishing probable cause to arrest and the proper policies and procedures for effectuating an arrest without the use of excessive force; and

    e.    Failing to supervise its police officers when making arrests so as to prevent the arrest of citizens without probable cause and without the use of unreasonable and unnecessary excessive force.

51. Defendant's conduct was so reckless so as to demonstrate a substantial lack of concern for whether an injury resulted.

52. Defendant's indifferent and/or omissions were the direct and proximate cause of Plaintiff's injuries.

53. The facts as set forth in the preceding paragraphs constitute a violation of Plaintiff's Fourth and Fourteenth Amendment rights and pursuant to 42 U.S.C. § 1983, Plaintiff has a viable claim for compensatory damages, costs, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

                Respectfully Submitted,
                CHRISTOPHER TRAINOR & ASSOCIATES

                **s/Christopher J. Trainor**
                CHRISTOPHER J. TRAINOR (P42449)
                Attorney for Plaintiff
                9750 Highland Road
                White Lake, MI 48386
Dated: September 2, 2008        (248) 886-8650
*CJT/ajd*                              robin.woodhull@cjtrainor.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

WENDY GARAGIOLA,

       Plaintiff,

v.                                                                              CASE NO:
                                                                       HON:

CITY OF BRIGHTON, LIVINGSTON COUNTY,
MILLER, and SELL
in their individual and official capacities,

       Defendants.
_____/
CHRISTOPHER TRAINOR & ASSOCIATES
BY:  CHRISTOPHER J. TRAINOR (P42449)
Attorney for Plaintiffs
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
_____/

**DEMAND FOR TRIAL BY JURY**

      **NOW COMES** Plaintiff, **WENDY GARAGIOLA**, by and through her attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and hereby makes a Demand for Trial by Jury in the above-captioned matter.

                                              Respectfully Submitted,
                                              CHRISTOPHER TRAINOR & ASSOCIATES

                                              **s/Christopher J. Trainor**
                                              CHRISTOPHER J. TRAINOR (P42449)
                                              Attorney for Plaintiffs
                                              9750 Highland Road
                                              White Lake, MI  48386
Dated:  September 2, 2008             (248) 886-8650
*CJT/ajd*                                           robin.woodhull@cjtrainor.com